# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHATAVIA CLEMENTS, individually and
as next friend of her children,
K.S., a minor, S.B., a minor and P.E., a minor,

    Plaintiffs,

and

STATE OF WISCONSIN DEPARTMENT OF
HEALTH SERVICES,

    Involuntary Plaintiff,

    v.                                                Case No. 22-CV-1411

UNITED STATES OF AMERICA,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

    Shatavia Clements, individually and on behalf of her three minor children, sues the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for bodily injuries and property damage allegedly sustained on November 4, 2021, when Clements' parked vehicle was struck by a driver for the United States Postal Service. The government moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that Clements bears total liability for the accident. (Docket # 28.) For the reasons explained below, the government's motion is denied.

## BACKGROUND

Clements alleges that on November 4, 2021, her motor vehicle was legally parked on West Pierce Street in Milwaukee, Wisconsin. (Compl. ¶ 7, Docket # 1.) She alleges that as she opened her driver's side door, James Robert Brown, a driver for the United States Postal Service, struck her vehicle while traveling westbound on West Pierce Street, causing her and her minor children to suffer serious physical injuries and sustain damages to Clements' vehicle. (*Id.*) Clements alleges that Brown, as a driver on a Wisconsin roadway, owed certain duties to the plaintiffs, and that he breached several of these duties, including failing to keep a proper lookout, failing to drive at a safe speed, failing to obey Wisconsin's traffic regulations, and failing to timely apply his brakes, amongst others. (*Id.* ¶ 10.) Clements alleges that Brown's acts constitute negligence under Wisconsin law and that his acts proximately caused the accident and resulting damages. (*Id.* ¶¶ 11–12.) Finally, Clements alleges that because Brown's negligent acts occurred while within the course and scope of his employment with the government, the United States is liable to the plaintiffs for their damages under the FTCA.

## APPLICABLE RULE

A motion for judgment on the pleadings under Rule 12(c) is granted "only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief.'" *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (internal citations omitted). The moving party should be "clearly entitled to judgment." *Edmonds v. United States*, 148 F. Supp. 185, 186 (E.D. Wis. 1957). In order to succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. Further, the complaint must be construed in the manner most favorable to the nonmoving party. *Id.* (citing *GATX*

*Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)). A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is decided in the same manner as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* In determining if the complaint is sufficient, the court looks only to the pleadings, which include "the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

## DISCUSSION

As Clements' claim arises under the FTCA, Wisconsin law applies. *See Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991) ("Because the FTCA incorporates the substantive law of the state where the tortious act or omission occurred, a plaintiff must state a claim that is actionable under the substantive law in the state where the act or omission occurred."). Under Wisconsin law, in a negligence case, a plaintiff must prove four elements: (1) a duty of care on defendant's part, (2) a breach of that duty, (3) a causal connection between the conduct and the injury, and (4) an actual loss or damage as a result of the injury. *Martindale v. Ripp*, 2001 WI 113, ¶ 33, 246 Wis. 2d 67, 89, 629 N.W.2d 698, 707.

Wisconsin is a comparative negligence state; thus, a plaintiff's recovery of damages is reduced by the percent the plaintiff is contributorily negligent. *See* Wis. Stat. § 895.045(1) ("[A]ny damages allowed shall be diminished in the proportion to the amount of negligence attributed to the person recovering."). If, however, a plaintiff's negligence is greater than the negligence of any defendant, then the plaintiff's contributory negligence bars recovery. *Jankee v. Clark Cnty.*, 2000 WI 64, ¶ 9, 235 Wis. 2d 700, 712, 612 N.W.2d 297, 302.

The government's argument for judgment on the pleadings is two-fold. First, it argues that Clements is negligent as a matter of law because in her pleadings she admits that she violated a safety statute, namely, Wis. Stat. § 346.94(20)(a), which provides as follows:

> (20) Opening motor vehicle door on highway. (a) No person may open any door of a motor vehicle located on a highway without first taking due precaution to ensure that his or her act will not interfere with the movement of traffic or endanger any other person or vehicle.

Second, the government argues that even if Wis. Stat. § 346.94(20)(a) is not a safety statute, Clements is wholly responsible for causing the accident because she "alone was responsible for ensuring it was safe" to open her car door and Brown "did not have a duty to anticipate that plaintiff would open her car door." (Def.'s Br. at 4, Docket # 29.)

Neither of the government's arguments can be resolved at this juncture. Again, the government argues that Clements admits that she violated a safety statute and thus judgment should be granted in the government's favor. Safety statutes are "those legislative enactments that are designed to protect a certain class of persons from a particular type of harm." *Grube v. Daun*, 210 Wis. 2d 681, 693, 563 N.W.2d 523, 528 (1997). The determination of whether a statute is a "safety statute" is a question of law. *Id.* at 692, 563 N.W.2d at 528. If a statute is found to be a safety statute, violation of such a statute constitutes negligence per se if three requirements are met: (1) the safety statute was designed to prevent the harm inflicted, (2) the person injured was in a protected class, and (3) the legislature has expressed its intent that the statutory section serve as a basis for the imposition of civil liability. *Totsky v. Riteway Bus Serv., Inc.*, 2000 WI 29, ¶ 25, 233 Wis. 2d 371, 388, 607 N.W.2d 637, 644. Negligence per se "ordinarily refers to a form of ordinary negligence that results from violation of a statute. The violation of the statute is the deviation from the standard of care and supplies one element of

a negligence cause of action: breach of duty." *D.L. by Friederichs v. Huebner*, 110 Wis. 2d 581, 640, 329 N.W.2d 890, 917 (1983).

Even assuming that Wis. Stat. § 346.94(20)(a) is indeed a safety statute, Clements does not admit to violating the statute in her complaint. Rather, she alleges that she "opened her driver's side door." (Compl. ¶ 7.) The statute provides that one must first take due precaution before opening her door. While Clements alleges that she opened her door, she does not allege that she opened her door without first taking due precaution. Thus, whether Clements violated Wis. Stat. § 346.94(20)(a) depends on a factual determination of whether she took "due precaution" before opening her door. This cannot be determined at this juncture.

Furthermore, even if Wis. Stat. § 346.94(20)(a) is a safety statute and Clements violated it, it does not follow that judgment is automatically granted in defendant's favor. Rather, a finding of negligence per se "supplies one element of a negligence cause of action: breach of duty. Other issues such as causation and contributory negligence remain." *D.L. by Friederichs*, 110 Wis. 2d at 640, 329 N.W.2d at 917. Clements alleges that Brown was negligent by failing to keep a proper lookout, failing to drive at a safe speed, and failing to timely apply his brakes, amongst other allegations. (Compl. ¶ 10.) These factual disputes will need to be resolved before contributory negligence can be assessed.

The government alternatively argues that even if Wis. Stat. § 346.94(20)(a) is not a safety statute, Clements is wholly negligent for causing the accident because she "alone was responsible for ensuring it was safe" to open her car door and Brown "did not have a duty to anticipate that plaintiff would open her car door." (Def.'s Br. at 4.) The government argues that "there are no other facts in the record that suggest negligence on the part of [Brown]"; thus, "the liability for causing the accident rests entirely on [Clements]." (*Id.*) I cannot

5

determine from the pleadings whether Clements was wholly responsible for causing the accident. Indeed, it would be a rare negligence case that could be resolved on the pleadings alone. The government makes the rather bold statement that there "are no other facts in the record that suggest negligence on the part of [Brown]." This is not a motion for summary judgment. I am not looking at evidentiary facts. I am looking at the pleadings. And Clements properly alleges a negligence cause of action under Wisconsin law—Brown had a duty to plaintiffs; Brown violated this duty by negligently operating his vehicle; and Brown's negligence caused the plaintiffs' damages. (Compl. ¶¶ 9–13.) *See Martindale*, 2001 WI 113, ¶ 33.

Judgment on the pleadings is not appropriate in this case. Defendant's motion is denied.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Docket # 28) is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of August, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge