# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHATAVIA CLEMENTS, individually and
as next friend of her children,
K.S., a minor, S.B., a minor and P.E., a minor,

    Plaintiffs,

and

STATE OF WISCONSIN DEPARTMENT OF
HEALTH SERVICES,

    Involuntary Plaintiff,

    v.                                          Case No. 22-CV-1411

UNITED STATES OF AMERICA,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

Shatavia Clements, individually and on behalf of her three minor children, sues the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for bodily injuries and property damage allegedly sustained on November 4, 2021, when Clements' parked vehicle was struck by a driver for the United States Postal Service. The government moves for summary judgment in its favor. For the reasons explained below, the government's motion is denied.

## FACTS

Clements and James Brown, a letter carrier for the United States Postal Service, were involved in a motor vehicle accident on November 4, 2021 at approximately 3:40 p.m. on

West Pierce Street in Milwaukee, Wisconsin, approximately 134 feet east of the intersection with South 11th Street. (Def.'s Proposed Findings of Fact ("DPFOF") ¶¶ 1, 4, Docket # 37 and Plaintiffs' Resp. to DPFOF ("Pls.' Resp.") ¶¶ 1, 4, Docket # 39-1.)

At the time of the accident, Clements had just arrived home and was parked outside of her then residence on West Pierce Street. (*Id.* ¶ 2.) Prior to returning home, Clements had spent the entire day making Instacart deliveries with her three minor children, beginning at approximately 6:00 or 7:00 a.m. (*Id.* ¶ 3.)

On the day of the accident, Brown reported to work at 7:30 a.m. and left the post office around 9:00 or 9:15 a.m. to begin his mail route. (*Id.* ¶ 5.) He recalled the weather being overcast rather than sunny (*id.* ¶ 8) and the motor vehicle crash report listed the conditions as "daylight" and "clear" (*id.* ¶ 9). Brown's postal vehicle was equipped with daytime running lights that were always on while Brown performed his routes. (*Id.* ¶ 11.)

Brown testified that he was traveling westbound on West Pierce Street approaching a controlled, four-way stop sign. (Declaration of Brian Pawlak ("Pawlak Decl.") ¶ 3, Ex. 2, Deposition of James Brown ("Brown Dep.") at 26, Docket # 38-2.) Brown stated that he was slowing down for the intersection and observed a school bus traveling eastbound on the same street, coming to a stop. (*Id.* at 26–27.) He testified that as he approached the stop sign, something hit his vehicle and he "heard a bang." (*Id.* at 27–28.) Brown testified that he had no visibility issues that day; however, he did not see Clements' parked car as he was driving past because he did not recall looking to his right. (*Id.* at 52–53.) Nor did Brown recall seeing Clements' driver's side door open prior to the collision. (*Id.* at 62.)

Clements asserts that she parked and turned off her vehicle, made sure no cars were driving by, and then used her foot to push open her car door to exit the vehicle. (DPFOF ¶¶

2

13–14 and Pls.' Resp. ¶¶ 13–14.) Clements testified that when she opened her driver's side door, the door was struck by Brown's vehicle. (Pawlak Decl. ¶ 2, Ex. 1, Deposition of Shatavia Clements ("Clements Dep.") at 12, Docket # 38-1.) Clements states that she did not see Brown's vehicle until her car was struck. (*Id.* at 19.)

## APPLICABLE RULE

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d

3

410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

As Plaintiffs' claims arise under the FTCA, Wisconsin law applies. *See Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991) ("Because the FTCA incorporates the substantive law of the state where the tortious act or omission occurred, a plaintiff must state a claim that is actionable under the substantive law in the state where the act or omission occurred."). Under Wisconsin law, in a negligence case, a plaintiff must prove four elements: (1) a duty of care on defendant's part, (2) a breach of that duty, (3) a causal connection between the conduct and the injury, and (4) an actual loss or damage as a result of the injury. *Martindale v. Ripp*, 2001 WI 113, ¶ 33, 246 Wis. 2d 67, 89, 629 N.W.2d 698, 707.

Wisconsin is a comparative negligence state; thus, a plaintiff's recovery of damages is reduced by the percent the plaintiff is contributorily negligent. *See* Wis. Stat. § 895.045(1) ("[A]ny damages allowed shall be diminished in the proportion to the amount of negligence attributed to the person recovering."). If, however, a plaintiff's negligence is greater than the negligence of any defendant, then the plaintiff's contributory negligence bars recovery. *Jankee v. Clark Cnty.*, 2000 WI 64, ¶ 9, 235 Wis. 2d 700, 712, 612 N.W.2d 297, 302.

For purposes of its summary judgment motion, the United States does not contest the causation and damages elements of Plaintiffs' negligence action. (Def.'s Br. at 4 n.2, Docket # 36.) Nor does it dispute that Brown owed a duty of care to other motorists on the road, including Clements and her passengers. (*See id.* at 4.) Thus, the question before me is whether a rational trier of fact could find that Brown breached his duty of care to Plaintiffs.

4

The Wisconsin Supreme Court has stated that "it is the rare personal injury case which can be disposed of by summary judgment, even where historical facts are concededly undisputed." *Lambrecht v. Est. of Kaczmarczyk*, 2001 WI 25, ¶ 2, 241 Wis. 2d 804, 808, 623 N.W.2d 751, 756 (quoting *Gauck v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965)); *see also Casper v. Am. Int'l S. Ins. Co.*, 2011 WI 81, ¶ 92, 336 Wis. 2d 267, 305, 800 N.W.2d 880, 899 ("As a general rule, negligence is a question for the fact-finder, and is therefore unsuited to motions for summary judgment."). This is because negligence is "peculiarly elusive," requiring the trier of fact to "pass upon the reasonableness of the conduct in all the circumstances." *Lambrecht*, 2001 WI 25, ¶ 2 (quoting *Gauck*, 346 F.2d at 437). The *Lambrecht* Court found that:

> Only when the inference of negligence is so weak in the first place can it be sufficiently negated by a competing inference of non-negligence, such that a jury could no longer reasonably conclude that the defendant was negligent. In this limited category of cases, a court would be justified in granting summary judgment for the defendants.

2001 WI 25, ¶ 85.

The government has failed to establish that this is one of those rare cases that can be resolved on summary judgment. Neither Clements nor Brown saw the other's vehicle prior to the accident. Brown testified that he heard the impact, and Clements testified that she did not see Brown's vehicle until after the impact. Brown asserts, however, that Clements opened her car door without first checking whether it was safe to do so and struck his postal vehicle. Whereas Clements asserts that Brown drove into her open car door because he failed to see it.

The government invites me to resolve, at summary judgment, whose version of events is more credible. I decline. This is precisely the type of question within the province of a jury to resolve. "When the parties are entitled to competing inferences of negligence and non-

5

negligence, courts should not rely on inconclusive evidence to dispose of one of the inferences at the summary judgment stage. Summary judgment is inappropriate." *Lambrecht*, 2001 WI 25, ¶ 85. While the government argues that there is no credible evidence from which a jury could find that Brown was negligent in any aspect of the operation of his vehicle (Def.'s Br. at 6), this is inaccurate. Wisconsin JI-Civil 1055 instructs that a driver "must use ordinary care to keep a careful lookout ahead and about him or her for the presence or movement of other vehicles, objects, or pedestrians that may be within or approaching the driver's course of travel" and that the "failure to use ordinary care to keep a careful lookout is negligence." The very fact that Brown did not see Clements' vehicle, despite testifying that he had a clear view of the road, could support a finding of failure to maintain a proper lookout. *See Neumann v. Evans*, 272 Wis. 579, 583, 76 N.W.2d 322, 325 (1956) ("As to lookout, Evans himself testified that he did not see the Neumann car until after the collision, which fact of itself supports the finding that he was negligent with respect to maintaining an efficient lookout.").

Giving the competing versions of how the accident occurred and drawing all inferences in a light most favorable to the Plaintiffs, as I must on summary judgment, I cannot conclude that no reasonable jury could find for the Plaintiffs. A jury must determine the facts and assign negligence accordingly. For these reasons, Defendant's motion for summary judgment is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Summary Judgment (Docket # 35) is **DENIED**. The Clerk's Office will contact the parties for further scheduling in this case.

Dated at Milwaukee, Wisconsin this 11th day of December, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge